UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINA BRENTS,

                    Plaintiff

v.

COMMISSIONER OF
SOCIAL SECURITY,

              Defendant.

_____/

Civil Action No.: 17-10921
Honorable David M. Lawson
Magistrate Judge Elizabeth A. Stafford

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 13, 14]

Plaintiff Regina Brents appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied her application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision violated the treating physician rule and thus **RECOMMENDS** that:

- Brents' motion [ECF No. 13] be **GRANTED**;

- the Commissioner's motion [ECF No. 14] be **DENIED**; and

- the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this report and recommendation.

## I.   BACKGROUND

### A.   Brents' Background and Disability Applications

Born January 6, 1962, Brents was 51 years old on the alleged disability onset date of January 17, 2013.  [ECF No. 11-2, Tr. 14, 21].

After a hearing on December 2, 2015, during which Brents and a vocational expert (VE) testified, the ALJ found that Brents was not disabled. [ECF No. 11-2, Tr. 12-77].  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-6].  Brents timely filed for judicial review.  [ECF No. 1].

### B.   The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

2

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §404.1520(a)(4).  Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.*  At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work.  *Id.*  The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 1520(c).

3

Applying this framework, the ALJ concluded that Brents was not disabled.  At the first step, she found that Brents had not engaged in substantial gainful activity during the relevant period.  [ECF No.11-2, Tr. 14].  At the second step, she found that Brents had the severe impairments of "coronary artery disease; congestive heart failure status post stenting; asthma, degenerative disc disease of the lumbar spine; degenerative joint disease of the hips; and, obesity."  [*Id.*].  Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment.  [*Id.*, Tr. 16-17].

Between the third and fourth steps, the ALJ found that Brents had the RFC to perform light work,[2] except that:

> she can occasionally climb stairs, crouch, crawl, kneel, stoop or bend; she must avoid work around hazards defined as dangerous moving machinery or working at unprotected heights, and, as such, she is not able to climb ladders, ropes or scaffolding; she must avoid exposure to cold temperatures, or pulmonary irritants, and she needs to have the opportunity to alternate between sitting and standing while engaged in the work, as she desires.

[ECF No. 11-2, Tr. 17].  At step four, the ALJ found that Brents was not capable of performing her past relevant work as a juvenile detention

---

[2]"In order to perform a full range of light work, an individual must be able to lift up to 20 pounds, with frequent lifting or carrying of objects weighing up to 10 pounds. Light work requires standing up to six hours of an eight-hour workday."  Social Security Ruling (SSR) 83-10, 1983 WL 31251 (1983).

specialist.  [*Id.*, Tr. 21].  At the final step, after considering Brents' age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that there were jobs that existed in significant numbers that Brents could perform, including positions as clerical assistant, inspector, and information clerk.  [*Id.*, Tr. 22].

## II.   ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Brents argues that the RFC finding that she was capable of a restricted range of light work was not supported by the substantial evidence, and that the ALJ erroneously discounted the opinions of her

treating physician.  The Court agrees that the ALJ failed to properly weigh the opinions of the treating physician, and that the decision is thus not supported by substantial evidence.

### A.

Brents' primary care physician, May Antone, M.D., examined and treated her regularly between 2013 and 2015.  [ECF No. 11-7, Tr. 205-06; ECF No. 11-9, Tr. 325-60].   Dr. Antone completed a Medical Source Statement in June 2015, identifying Brents' diagnoses as severe congestive heart failure, hypertension, hyperlipidemia, coronary artery disease, chronic bronchitis, gastritis, arthritis and asthma. [ECF No. 11-9, Tr. 355].   Dr. Antone opined that Brents could occasionally lift objects up to 10 lbs, but never lift or carry anything heavier than that; she could sit for 15-20 minutes at a time, for a total of one hour per day; she could stand for 15 minutes at a time for a total of 30 minutes per day; she could walk for 10 minutes at a time but not more than 15 minutes per day, and less than a half a block in distance.  [*Id.*, Tr. 355-56].  Dr. Antone believed that Brents' pain and other symptoms would constantly interfere with her attention and concentration, that this interference would have her off task for 25% or more per day, that she would need to lie down at unpredictable intervals during the workday up to 50% of the time, and that her symptoms or

6

treatments would cause her to be absent from work as many as four days per month.  [*Id.*, Tr. 356, 359].

Most significantly here, Dr. Antone opined that Brents should elevate her leg above pelvic area during periods of prolonged sitting, for roughly 4 hours per day.  [*Id.*, Tr. 356].  Dr. Antone added an asterisk next to this limitation, presumably for emphasis.  [*Id.*].

The "treating physician rule" requires an ALJ to give controlling weight to a treating physician's opinions regarding the nature and severity of a claimant's condition when those opinions are well-supported by medically acceptable clinical and diagnostic evidence, and not inconsistent with other substantial evidence.  *Gentry*, 741 F.3d at 723, 727-29; *Rogers*, 486 F.3d at 242-43.  "Even when not controlling, however, the ALJ must consider certain factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability of the physician's conclusions; the specialization of the physician; and any other relevant factors," and give appropriate weight to the opinion.  *Gentry*, 741 F.3d at 723.  In all cases, a treating physician's opinion is entitled to great deference.  *Id.*

Here, the ALJ afforded Dr. Antone's opinion little weight, finding it to be inconsistent both internally and with the overall evidence of record.

7

[ECF No. 11-2, Tr. 21].  Specifically, the ALJ assessed Dr. Antone's opinion that Brents could only stand for 30 minutes a day against the clinical and diagnostic evidence and determined that it was not supported because the medical records reflected that Brents had normal strength, intact sensation, normal extremities and walked with a normal gait.  [ECF No. 11-2, Tr. 21].  And the ALJ found Dr. Antone's assessment that Brents could sit for one hour, stand for 30 minutes and walk for 15 minutes in an eight hour workday internally to be inconsistent with her assessment that she could sit for 15-20 minutes, stand for 15 minutes and walk for 10 minutes at a time.  [*Id.*].  Brents argues, among other things, that the ALJ erred by ignoring Dr. Antone's critical opinion that Brents should elevate her leg above the pelvic area during periods of prolonged sitting, requiring remand.  The Court agrees.

## B.

Contrary to the Commissioner's assertion, the ALJ did not assess the treater's opinion that Brents must elevate her leg above the pelvic level during periods of prolonged sitting against any clinical and diagnostic evidence.   Although the ALJ recited this limitation in summarizing Dr. Antone's opinions, she does not specifically address it in her opinion-weight analysis.  She does not discuss whether the leg-elevation restriction was

8

supported by diagnostic or clinical evidence, nor does she discuss if the restriction was inconsistent with any of the other record evidence.  The Sixth Circuit requires that the "good reasons" for discounting a treating physician's opinion be "supported by the evidence in the case record, and…be sufficiently specific to make clear to any subsequent reviewers the reasons for the weight the adjudicator gave to the treating source's medical opinion." *Gayheart*, 710 F.3d at 376 (citing Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5).  A failure to explain precisely how those reasons affected the weight accorded to the treater's opinion denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.  *See Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 860-861 (6th Cir. 2011)(quoting *Rogers*, 486 F.3d at 243).

Given Brents' severe heart-related impairments, the ALJ's failure to provide any explanation rejecting Dr. Antone's emphasized opinion that Brents requires a leg elevation limitation was a significant error.  *See, e.g., Morin v. Comm'r of Soc. Sec.*, 259 F.Supp.3d 678, 685 (E.D. Mich. 2017) ("RFC evaluation in this case is flawed because the ALJ neglected to making any findings as to plaintiff's claimed need to raise her legs to prevent them from swelling.").  Dr. Antone and physicians who treated

9

Brents during a hospital admission diagnosed her with congestive heart failure.  [ECF No. 11-8, Tr. 229, 234, 239, 250, 253, 258; ECF No. 11-9, Tr. 334, 337, 339, 341, 343, 351].  Brents' medical records also reflect that she regularly experienced the significant edema in the legs, which was sometimes specifically identified as being secondary to congestive heart failure.  [ECF No. 11-8, Tr. 250, 253, 255, 257, 264; ECF No. 11-9, Tr. 330, 339].  But the ALJ did not address Brents' congestive heart failure and edema or weigh Dr. Antone's leg-elevation opinion within the context of that evidence.

Because the ALJ, and not the Court, must initially construe the medical evidence and assess the weight of physicians' opinions, a limited remand is necessary in this case.  *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (judicial review of the agency's decision is limited in scope to determining whether the findings of fact made by the agency are supported by substantial evidence; courts may not try the case de novo); *see also, White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 790 (6th Cir. 2009) (remand is favored over an award of benefits unless there is compelling evidence that claimant is entitled to benefits).

A remand order should require the ALJ to analyze the leg-elevation opinion under the controlling weight test, and, if necessary, under the other

10

regulatory factors of the treating physician rule.  *See Gentry*, 741 F.3d at

723.  If Dr. Antone's opinion regarding leg elevation is credited, Brents

must be awarded disability benefits based on the VE testimony that such

leg elevation would be work preclusive.  [ECF No. 11-2, Tr. 75]; *see*

*Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 652 (6th Cir. 2011) (an

award of benefits is appropriate where the vocational expert testified that

there would be no work available for claimant if treater's opinions were

credited).

## III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that

Brents's motion [ECF No. 13] be **GRANTED**; that the Commissioner's

motion [ECF No. 14] be **DENIED**; and that this matter be **REMANDED** for

further consideration pursuant to the terms of this report and sentence four

of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford

ELIZABETH A. STAFFORD

United States Magistrate Judge

Dated: April 2, 2018

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

12

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 2, 2018.

s/Marlena Williams____
MARLENA WILLIAMS
Case Manager