UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINA BRENTS,

        Plaintiff,                              Case Number 17-10921
                                                      Honorable David M. Lawson
v.                                                         Magistrate Judge Elizabeth A. Stafford

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REVERSING AND REMANDING THE DECISION OF THE COMMISSIONER FOR FURTHER PROCEEDINGS

The plaintiff filed the present action on March 23, 2017 seeking review of the Commissioner's decision denying her claims for disability benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Elizabeth A. Stafford under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge (ALJ). The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Stafford filed a report on April 2, 2018 recommending that the plaintiff's motion for summary judgment be granted, the Commissioner's motion for summary judgment be denied, and the matter be remanded for further consideration. The Commissioner filed timely objections, and the plaintiff filed a response. The matter is now before the Court.

The main issue in the case is whether the ALJ gave adequate reasons for the minimal weight she accorded the plaintiff's treating physician's assessment of the plaintiff's limitations. The

plaintiff argued in her motion for summary judgment that the reasons cited by the ALJ for discounting that opinion are not supported by substantial evidence in the record. The magistrate judge agreed, to a point. She focused on a specific aspect of the doctor's opinion, found wanting the ALJ's discussion of that feature, and determined that further proceedings at the administrative level are required. The Commissioner filed a single objection to that part of the report and recommendation.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, and the Commissioner's objection and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 56 years old, filed her application for disability insurance benefits on April 16, 2014, when she was 52. The plaintiff has a high school diploma and three years of college. She previously worked as a juvenile detention specialist. In the application that is the subject of the present appeal, the plaintiff alleged a disability onset date of January 17, 2013. The plaintiff alleged disability due to congestive heart failure, hypertension, arthritis, shortness of breath, fatigue, and edema.

The plaintiff's application for disability benefits was denied initially on August 6, 2014. She timely filed a request for an administrative hearing, and on December 2, 2015, the plaintiff appeared before ALJ Patricia S. McKay. On February 2, 2016, ALJ McKay issued a written decision in which she found that the plaintiff was not disabled. On February 14, 2017, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff then filed her complaint seeking judicial review.

ALJ McKay reached her conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §404.1520(a). She found that the plaintiff had not engaged in substantial gainful activity since January 17, 2013 (step one); the plaintiff suffered from coronary artery disease, congestive heart failure status post stenting, asthma, degenerative disc disease of the lumbar spine, degenerative joint disease of the hips, and obesity, impairments which were "severe" within the meaning of the Social Security Act (step two); and that

none of those impairments alone or in combination met or equaled a listing in the regulations (step three).

Before proceeding further, the ALJ determined that the plaintiff retained the residual functional capacity (RFC) to perform a limited range of light work. The limitations all addressed certain physical impairments, but not all the ones the plaintiff and her physician described. The ALJ found that the plaintiff: (1) only occasionally can climb stairs, crouch, crawl, kneel, stoop, or bend; (2) must avoid working around hazards defined as dangerous moving machinery or working at unprotected heights, and as such, is not able to climb ladders, ropes, or scaffolding; (3) must avoid exposure to cold temperatures, or pulmonary irritants; and (4) needs to have the opportunity to alternate between sitting and standing while engaged in the work, as she desires.

At step four, she found that the plaintiff could not perform the duties required for her past relevant work as a juvenile detention specialist, a semiskilled job that was "medium exertionally" but light to heavy as she performed it. The job required mostly standing and walking, and she had to lift 100 pounds or more, and occasionally restrain children.

In applying the fifth step, the ALJ considered the testimony of a vocational expert, who stated that even with these limitations, the plaintiff could perform jobs such as clerical assistant, with 1,500 jobs existing in Michigan and 165,000 jobs existing nationally; inspector, with 2,000 jobs existing in Michigan and 150,000 jobs existing nationally; and information clerk, with 1,000 jobs existing in Michigan and 75,000 jobs existing nationally. Based on those findings and using Medical Vocational Rule 202.14 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

In her summary judgment motion, the plaintiff contended that the ALJ should have given great weight — if not controlling weight — to the opinion of her treating physician, May Antone, M.D., and failed to give good reasons for not doing so. And she contended that the ALJ improperly gave "great weight" to a non-examining source, R.H. Digby, M.D., who did not have access to all the evidence in the record when he rendered his opinion.

Dr. Antone began treating the plaintiff in June 2013 and saw her regularly through at least June 2015. On June 15, 2015, Dr. Antone completed a medical source statement describing the plaintiff's ability to perform work-related physical activities. She stated that the plaintiff occasionally could (meaning very little to one-third of the time) lift and carry objects up to 10 pounds, but not heavier; she could sit for 15 to 20 minutes at a time up to one hour per day; she could sit without interruption for 15 to 20 minutes at a time for a total of an hour during an eight-hour work day; she could stand without interruption for up to 15 minutes at a time for up to 30 minutes during a work day; she could walk for 10 minutes at a time but not more than 15 minutes during the eight-hour period, and cover less than a half a block; and the plaintiff would have to keep her leg elevated above her pelvis for at least half the work day. She also believed that the plaintiff would have to lie down at unpredictable times during her shift at least half the time, and that she would be off task at least one-fourth of the work day, missing more than four workdays per month. Tr. 355-59. Dr. Antone described other limitations as well.

The ALJ gave this opinion "little weight" because she found that it was "internally inconsistent, and inconsistent with the overall evidence of record." Tr. 21. The magistrate judge found the explanation insufficient because the ALJ did not discuss why Dr. Antone's prescription of leg elevation was not sound or otherwise unsupported by the record. The magistrate judge was

critical of the ALJ's failure to explain how the plaintiff's congestive heart failure and related symptoms did not support the need for periodic leg elevation, and that failure, she determined, denoted a lack of substantial evidence supporting the plaintiff's RFC. The magistrate judge found that it was necessary to remand the case for additional consideration and discussion of this evidence.

The Commissioner's first and only objection is that the magistrate judge incorrectly concluded that ALJ McKay, in weighing Dr. Antone's opinion, was required to address specifically Dr. Antone's opinion that Brents must elevate her leg above the pelvic level during periods of prolonged sitting. The Commissioner argues that the ALJ summarized the several limitations identified by Dr. Antone, but was not required to discuss each piece of evidence in the record before discounting Dr. Antone's opinion. Citing *Kornecky v. Commissioner of Social Security*, 167 F. App'x 496, 508 (6th Cir. 2006) (a case that does not deal with a treating physician), the Commissioner insists that the ALJ must only provide good reasons for the weight she assigns to the treating source opinion, not itemize and accept or reject each limitation identified.

The Commissioner asserts that the ALJ's reasons of internal inconsistency and conflicts with other evidence in the record satisfied her obligation to provide good reasons to discount a treating source's opinion. The Commissioner argues that by requiring the ALJ to "explain precisely" her reasons for discounting Dr. Antone's opinion imposes an articulation requirement beyond what is contemplated in the regulations.

As to the magistrate judge's concern over the vocational implications of Brents's leg limitation, the Commissioner asserts that the vocational expert merely hypothesized that someone who needed to elevate her legs "as much as possible" could not perform any work. But that did not equate, says the Commissioner with the fifty percent metric provided by Dr. Antone.

The plaintiff responds that the Commissioner's reliance on Sixth Circuit case law is misplaced and that the treating physician rule is exacting. Echoing the magistrate judge's report, the plaintiff argues that the ALJ must articulate "good reasons" for discounting a treating physician's opinions. Citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007), the plaintiff asserts that the ALJ was required to explain precisely how the reasons identified for discounting Dr. Antone's opinion affected the weight accorded to the opinion, even where ALJ McKay's conclusion may otherwise be justified upon the record. The plaintiff further argues that the magistrate judge correctly emphasized that the ALJ should have addressed the plaintiff's leg elevation limitation in the context of her heart condition and that the vocational expert's testimony cannot constitute substantial evidence because all of the plaintiff's limitations were not fairly considered.

It is true that the ALJ is not required to discuss every piece of medical evidence in the record, and that in the end, this Court's task is to determine if substantial evidence supports the ALJ's non-disability finding. When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Instead, the Court must uphold "the ALJ's decision if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir.2001 (citation omitted)). "The substantial evidence standard is less exacting than the preponderance of evidence standard." *Ibid*. (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996). If the ALJ's decision is supported by substantial evidence, reversal would not be

warranted even if substantial evidence supports the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner*, 745 F.2d at 388 (quotation marks and citations omitted); *see also Laskowski v. Apfel*, 100 F. Supp. 2d 474, 482 (E.D. Mich. 2000).

Moreover, the ALJ is obligated to follow certain governing standards when assessing the medical evidence in support of a disability claim. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir.2004). One of those standards is known as the "treating physician rule," which posits that "[b]ecause treating physicians are 'the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone,' their opinions are generally accorded more weight than those of non-treating physicians." *Rogers*, 486 F.3d at 242 (quoting 20 C.F.R. § 416.927(d)(2)); *see also Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014). The Sixth Circuit has consistently applied this rule. A treating physician's opinion should be given greater weight than those opinions of consultative physicians who are hired for the purpose of litigation and who examine the claimant only once (or not at all). *See Jones v. Sec.'y of Health & Human Servs.*, 945 F.2d 1365, 1370 & n.7 (6th Cir. 1991); *Farris v. Sec'y of Health & Human Servs.,* 773 F.2d 85, 90 (6th Cir. 1985). If a treating physician's opinion is not

contradicted, complete deference must be given to it. *Walker v. Sec'y of Health & Human Servs.,* 980 F.2d 1066, 1070 (6th Cir. 1992); *King v. Heckler,* 742 F.2d 968, 973 (6th Cir. 1984).

The Sixth Circuit has held that reversal is required in a Social Security disability benefits case where the ALJ rejects a treating physician's opinion as to the restrictions on a claimant's ability to work and fails to give good reasons for not giving weight to the opinion. *Wilson*, 378 F.3d at 544. In *Wilson*, the court stated that "pursuant to [20 C.F.R. § 404.1527(c)(2)], a decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Ibid.* (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996)).

A treating physician's opinion may be rejected only if there is good reason to do so. *Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir. 1988). The Commissioner insists that the ALJ satisfied that rubric, and suggests that the magistrate judge's decision in *Salmen v. Berryhill*, No. 3:16-CV-218-CCS, 2017 WL 4293150 (E.D. Tenn. Sept. 27, 2017), is a good template to follow. It is not. In that case, the single limitation that the ALJ failed to discuss was the plaintiff's two-day-per-month work absence. Here, the ALJ's failures are more extensive.

Here, the plaintiff's need to elevate her leg is central to the way she must cope with her limitations. The record plainly illustrates a history of a claimant who is obese (with a body mass index (BMI) ranging from 38 to nearly 45), and has multivessel coronary artery disease, multiple coronary stents, congestive heart failure demonstrating +3 pitting edema, and exhibited shortness of breath. Diagnostic tests confirmed these conditions. She also complained of pain in her hips radiating down to both legs, and imaging studies confirmed moderate osteoarthritis in her left hip

and degenerative disc disease. The need for daily leg elevation to the pelvic level is abundantly clear.

But the ALJ says that Dr. Antone's opinion is "internally inconsistent." It is not. To illustrate the point, the ALJ wrote that Dr. Antone's "assessment that the claimant could sit for one hour, stand for thirty minutes and walk for fifteen minutes total in an eight-hour workday is internally inconsistent with her statement that the claimant could also sit for fifteen to twenty minutes, stand for fifteen minutes, and walk for ten minutes at one time." Tr. 21. But there is nothing inconsistent with those observations, and they make perfect sense. Moreover, they are supported by Dr. Antone's observations over the two-plus years of treating the claimant, and consistent with the diagnostic and laboratory findings.

The ALJ also wrote that Dr. Antone's opinion is inconsistent with other findings in the record, such as findings that the plaintiff had normal strength in her extremities and intact sensations during office examinations. Once again, however, there is no inconsistency with such findings, when viewed in context of the plaintiff's other, abnormal findings, which are well documented. The only way to conjure inconsistencies from those records is to ignore the overall picture, which is contrary to the obligation to evaluate the substantiality of the evidence "based upon the record taken as a whole." *Garner*, 745 F.2d at 388

The ALJ has not furnished "good reasons" for not affording Dr. Antone's medical source opinion controlling weight. Consequently, the ALJ's determination of the plaintiff's RFC is equally flawed, as is the hypothetical question given to the vocational expert on the jobs available in the economy that the plaintiff is able to perform. It is plain from the record that the plaintiff cannot perform her past relevant work, and she has carried her burden through the first four steps of the

sequential analysis. It is well settled that if the plaintiff has satisfied his burden through the first four steps in the analytical process, the burden shifts to the Commissioner to establish that the plaintiff possesses the residual functional capacity to perform other substantial gainful activity. *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). *See also Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980). "To meet this burden, there must be a finding supported by substantial evidence that plaintiff has the vocational qualifications to perform specific jobs." *Varley,* 820 F.2d at 779 (internal quotes and citations omitted). The Commissioner has not satisfied that burden, and a remand is necessary to address Dr. Antone's opinion in a proper and lawful manner.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered the defendant's objection to the report and finds that it lacks merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #16] is **ADOPTED**.

It is further **ORDERED** that the defendant's objections [dkt. #17] are **OVERRULED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #14] is **DENIED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #13] is **GRANTED**. The findings of the Commissioner are **REVERSED** and the case is **REMANDED** to the Commissioner for further proceedings.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: July 17, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 17, 2018.

s/Susan Pinkowski  
SUSAN PINKOWSKI